IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECULAR STUDENT ALLIANCE, *et al.*,

Plaintiffs,

v.

U.S. DEPARTMENT OF EDUCATION, *et al.*,

Defendants.

CASE NO.: 1:21-cv-00169-ABJ

**DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

For the reasons set forth in the attached Memorandum of Points and Authorities, Defendants hereby move to stay Defendants' deadline to respond to Plaintiffs' early summary judgment motion pending resolution of any motion to dismiss or, in the alternative, until 21 days after the filing of Defendants' responsive pleading, which is due on April 23, 2021.[1] In addition to their Memorandum of Points and Authorities, Defendants have filed a proposed order with this motion.

Dated: March 3, 2021

Respectfully submitted,

BRIAN M. BOYTON
Acting Assistant Attorney General

CARLOTTA WELLS
Assistant Branch Director

---

[1] On March 3rd, 2021, counsel for Defendants conferred with Plaintiffs' counsel via e-mail regarding the relief requested in this motion. Counsel for Plaintiffs informed Defendants' counsel that Plaintiffs oppose Defendants' request to stay their opposition to Plaintiffs' motion for summary judgment pending the resolution of any motion to dismiss, but do not oppose the alternative relief Defendants seek, to stay the deadline until 21 days after the filing of Defendants' responsive pleading.

                             */s/ Rachael L. Westmoreland*
                             RACHAEL WESTMORELAND
                             Trial Attorney (GA Bar No. 539498)
                             U.S. Department of Justice
                             Civil Division, Federal Programs Branch
                             1100 L Street, NW
                             Washington, D.C. 20001
                             Tel: (202) 514-1280
                             E-mail: rachael.westmoreland@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECULAR STUDENT ALLIANCE, *et al.*,

Plaintiffs,

v.

U.S. DEPARTMENT OF EDUCATION, *et al.*,

Defendants.

CASE NO.: 1:21-cv-00169-ABJ

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants—the U.S. Department of Education ("ED") and ED Secretary Miguel Cardona, in his official capacity—hereby move for a stay of the deadline to respond to Plaintiffs' early summary judgment motion (filed only one day after proper service of the Complaint) pending resolution of any motion to dismiss or, in the alternative, until 21 days after the filing of Defendants' responsive pleading, which is due on April 23, 2021.[2]  A stay of the summary judgment briefing will ensure that Defendants have sufficient time to respond to the Complaint, including to resolve any potential threshold defenses under Rule 12, in a case in which no motion for a preliminary injunction has been filed claiming any irreparable injury, before responding to Plaintiffs' motion.  Under LCvR 7(b), Defendants' summary judgment response is currently due March 9, 2021.

**BACKGROUND**

---

[2] Although 2009 Advisory Committee notes to Rule 56 suggest that, "if a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due," LCvR 7(b) dictates that oppositions be filed within 14 days from the date of service of a motion.  Thus, out of an abundance of caution, Defendants ask, in the alternative, that the Court to adopt the schedule set forth in the 2009 committee notes.

1

This case concerns a Final Rule promulgated by ED to "promote the First Amendment's guarantees of free expression and academic freedom," "align with Federal statutes to protect free expression in schools," and "protect free speech on campuses nationwide."  Direct Grant Programs, State-Administered Formula Grant Programs, Non Discrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, Developing Hispanic-Serving Institutions Program, Strengthening Institutions Program, Strengthening Historically Black Colleges and Universities Program, and Strengthening Historically Black Graduate Institutions Program ("the Rule"), 85 Fed. Reg. 59,916 (Sept. 23, 2021).  Among other things, the Rule requires that, as a condition of funding, each public institution:

> "[S]hall not deny to any student organization whose stated mission is religious in nature and that is at the public institution any right, benefit or privilege that is otherwise afforded to other student organizations at the public institution . . . because of the religious student organization's beliefs, practices, policies, speech, membership standards, or leadership standards, which are informed by sincerely held religious beliefs."

*Id.* at 59980.  This requirement is intended to prevent the exclusion of religious student groups "from receiving neutral and generally available government benefits," and forcing them "to choose between their religion" and receiving these benefits.  *Id.* at 59917.

Plaintiffs filed their Complaint on January 19, 2021, challenging the Rule on a number of constitutional and statutory grounds.  ECF No. 1.  First, they claim that Defendants issued the Rule *ultra vires* and in violation of the Administrative Procedure Act ("APA") because it was issued in excess of statutory authority and jurisdiction.  *Id.* ¶¶ 67-80.  Plaintiffs also claim that the Rule violates the First Amendment, *id.* ¶¶ 81-99, and is arbitrary and capricious, *id.* ¶¶ 100-105.  Plaintiffs ask the Court for declaratory relief, to vacate and set aside the Rule, and to issue an injunction barring its enforcement, as well as fees and costs.  *Id.*, Prayer for Relief.

Plaintiffs did not effect service of their Complaint on the U.S. Attorney until February 22, 2021, a month after the complaint was filed, yet filed a partial motion for summary judgment the next day, on February 23, 2021.  ECF No. 12.  Sidestepping any jurisdictional or threshold issue that Defendants may seek to raise, Plaintiffs ask the Court for dispositive relief on their claims related to Defendants' statutory authority.  As justification for seeking an end run around the normal course of litigation, Plaintiffs offer only that these claims "questions of law" that "can be decided without production of or reference to the administrative record." *Id.* at 11.

## ARGUMENT

The Court should stay the deadline to respond to Plaintiffs' early partial summary judgment motion until Defendants have had an opportunity to properly respond to the Complaint, including the resolution of any threshold defenses that Defendants may raise pursuant to Rule 12.  This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995).  In this case, the interests of fairness and efficiency counsel in favor of allowing Defendants the opportunity to respond to Plaintiffs' Complaint under Rule 12, rather than rushing to respond to a premature and partial motion for summary judgment, where Plaintiffs have provided no justification for departing from the ordinary course of litigation.

Nothing in Rule 56 requires the parties and the Court to press forward with a summary judgment motion prior to Defendants' opportunity to respond to the Complaint.  To the contrary, while it is true that Federal Rules of Civil Procedure permit the filing of early summary judgment motions, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a

3

case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.  Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case."  Fed. R. Civ. P. 56 advisory committee's note (2010 amendments).  Earlier committee notes also stated that, "if a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due."  *Id.* (2009 amendments).

Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses."  5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004).  Adjudicating motions under Rule 12(b) thus helps to streamline the case by ensuring that "all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts."  Wright & Miller, § 1349; *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011), at *1 (Bates, J.) ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case.").  Plaintiffs should not be permitted to preempt Defendants' rights under Rule 12 regarding the sequence and timing of their presenting of threshold defenses by filing a premature summary judgment motion.

For these reasons, district courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending.  *See, e.g.*, *Furniture Brands Int'l*,

4

*Inc.*, 2011 WL 10959877, at *1 ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Montgomery v. IRS*, No. 17-cv-918 (D.D.C. Nov. 6, 2017), Min. Order (staying summary judgment briefing until after resolution of threshold issues); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016), aff'd on other grounds sub nom. *Cierco v. Mnuchin,* 857 F.3d 407 (D.C. Cir. 2017) (same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986), aff'd, 814 F.2d 731 (D.C. Cir. 1987) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

In this case, Ratio Christi's pending motion to intervene, ECF No. 6, also counsels in favor of delaying a resolution of Plaintiffs' motion for summary judgment.[3] Depending on the outcome of the proposed-intervenor's motion, the landscape regarding an efficient schedule for resolution of this case may change. Accordingly, Defendants request that the Court order that summary

---

[3] Defendants are also filing a motion to extend their deadline to respond to the pending motion to intervene today.

judgment briefing be stayed until the resolution of any motion to dismiss or, in the alternative, until 21 days after the filing of a responsive pleading.

## CONCLUSION

For the reasons stated above, the Court should: (1) stay Defendants' the deadline to respond to Plaintiffs' early summary judgment motion pending resolution of any motion to dismiss or, (2) in the alternative, until 21 days after the filing of Defendants' responsive pleading, which is due on April 23, 2021.

Dated: March 3, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRIAN M. BOYTON
　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　CARLOTTA P. WELLS
　　　　　　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　　　　　 */s/ Rachael L. Westmoreland*
　　　　　　　　　　　　　　　　　　　　RACHAEL WESTMORELAND
　　　　　　　　　　　　　　　　　　　　Trial Attorney (GA Bar No. 539498)
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　1100 L Street, NW
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　　　Tel: (202) 514-1280
　　　　　　　　　　　　　　　　　　　　E-mail: rachael.westmoreland@usdoj.gov