IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECULAR STUDENT ALLIANCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | CASE NO.: 1:21-cv-00169-ABJ |

**JOINT STATUS REPORT**

The Parties hereby submit the following status report in accordance with the Court's June 29, 2022 Minute Order:

1. The Secular Student Alliance ("SSA") and Mr. Declan Galli filed this suit on January 19, 2021, challenging a provision of the U.S. Department of Education's ("ED") rulemaking entitled "Direct Grant Programs, State-Administered Formula Grant Programs, Non Discrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, Developing Hispanic-Serving Institutions Program, Strengthening Institutions Program, Strengthening Historically Black Colleges and Universities Program, and Strengthening Historically Black Graduate Institutions Program" ("the Rule"), 85 Fed. Reg. 59,916 (Sept. 23, 2020). ECF No. 1.

2. On January 20, 2021 new leadership assumed responsibility for ED.

3. ED previously informed undersigned counsel for Defendants that it is considering regulatory options related to the Rule that may moot or limit the issues in this litigation. *See* ECF Nos. 21, 22.

4. To preserve judicial resources and maximize the efficient resolution of this case, the

Parties jointly requested that the Court stay this case to allow Defendants time to consider regulatory options related to the Rule. The Court granted the Parties' motion to stay on April 21, 2021.

5. On August 19, 2021, ED published a blog post entitled "Update on the Free Inquiry Rule." https://blog.ed.gov/2021/08/update-on-the-free-inquiry-rule/. Therein, ED stated that, "[f]ollowing completion of [its] review" of the aspects of the Rule codified in 34 CFR parts 75 and 76, it "anticipate[s] publishing a notice of proposed rulemaking in the Federal Register to propose rescinding parts of the Free Inquiry Rule." *Id.*

6. In light of ED's stated intent to propose rescission of portions of the Rule, the Parties agreed that a further stay of this case was appropriate for an additional 60 days, and proposed that the Parties file a joint status report in 60 days to update the Court on ED's regulatory activities related to the Rule and the Parties' positions on whether the case should continue to be stayed. *See* ECF No. 24. That same day, the Court continued the stay and ordered another joint status report by October 19, 2021. *See* Minute Order (Aug. 20, 2021).

7. On October 19, the Parties filed a joint status report updating this Court on the status of ED's regulatory actions. *See* ECF No. 26. ED stated that it intended to publish an entry in the Fall 2021 Unified Agenda announcing ED's intent to publish a Notice of Proposed Rulemaking that will propose rescinding provisions of the Free Inquiry Rule. ED also stated that it was targeting a publication date of Spring 2022 for the Notice of Proposed Rulemaking. In light of ED's anticipated regulatory actions, the Parties agreed that a further stay of this case was appropriate, and they requested that this Court continue the stay of these proceedings. *See* ECF No. 26. The Court did so and ordered

the Parties to submit another joint status report by February 18, 2022. *See* Minute Order (Oct. 20, 2021).

8. On February 18, 2022, the Parties filed a joint status report, updating the Court that ED had published an entry in the Fall 2021 Unified Agenda announcing ED's intent to publish a Notice of Proposed Rulemaking that will propose rescinding provisions of the Free Inquiry Rule and that it continued to make progress towards publication of this Notice of Proposed Rulemaking. *See* ECF No. 27. In light of ED's continued progress, the Parties asked the Court to continue the stay of proceedings, with the Parties filing another joint status report in 120 days. *Id*. The Court granted the request and ordered the Parties to submit a joint status report by June 28, 2022. *See* Minute Order (February 22, 2022).

9. On June 28, 2022, the Parties filed a joint status report, updating the Court that ED had continued to work on a Notice of Proposed Rulemaking, including addressing comments received from the Office of Information and Regulatory Affairs ("OIRA") and other agencies. The Parties also noted that ED is balancing drafting the Notice of Proposed Rulemaking with a number of other regulatory packages.

10. *Defendants' position on a continued stay*: Since the previous stay, ED has made additional progress working on a Notice of Proposed Rulemaking, while continuing to balance a significant number of large regulatory priorities and packages tied to imminent regulatory deadlines. As explained in the abovementioned blog post and Unified Agenda entries, the government's review has covered regulations under 34 CFR parts 75 and 76 that place additional requirements on postsecondary institutions that receive Federal research or education grants as a material condition of the

Department's grant. Those regulations include, but may not be limited to, the provisions at issue in this litigation. On February 16, 2022, ED transmitted the draft notice to OIRA, the part of the Office of Management and Budget responsible for coordinating the review of all Executive Branch regulations. OIRA coordinates an interagency Executive Branch review pursuant to Executive Order 12866. The OIRA review process is designed to promote adequate interagency review of draft proposed and final regulatory actions, so that such actions are coordinated with other agencies to avoid inconsistent, incompatible, or duplicative policies. The review process for regulatory packages can sometimes extend for several months before publication of a proposed regulatory action and ED is continuing to work through that review process as expeditiously as possible. In the interim, ED welcomes additional public feedback regarding specific concerns through the Executive Order 12866 process. In light of ED's continued progress toward publishing a Notice of Proposed Rulemaking, Defendants propose that this Court continue the stay of proceedings in this case.

11. *Plaintiffs' position on a continued stay*: Since the initial stay, Plaintiffs have given Defendants the benefit of the doubt and will now continue to do so in the interest of conserving judicial resources. But there has been little progress since the initial stay and none since February 2022. Additionally, Defendants have represented to Plaintiffs that there will be at least one or two more rounds of editing and interagency review. Given that the rule was issued without statutory authority—using the same false assertion of authority flatly rejected in *NAACP v. DeVos*, 485 F. Supp. 3d 136, 145 (D.D.C. 2020)—the day is soon coming when, in the interest of justice and fundamental fairness, and for the sake of the students who are being harmed by the government's

assertion of regulatory authority that it simply does not have, it may be necessary to obtain judicial relief.

12. The Parties propose that they file a joint status report in 90[1] days to update the Court on ED's regulatory activities related to the Rule and the Parties' positions on whether the case should continue to be stayed.

Dated: September 27, 2022

Respectfully submitted,

/s/ Bradley Girard
Richard B. Katskee (D.C. Bar No. 474250)
Bradley Girard (D.C. Bar No. 1033743)
AMERICANS UNITED FOR SEPARATION OF
CHURCH AND STATE
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-3234
katskee@au.org

Alison M. Gill (D.C. Bar No. 499620)
AMERICAN ATHEISTS LEGAL CENTER
1100 15th Street NW
Fourth Floor
Washington, DC 20005

Geoffrey T. Blackwell (D.D.C. Bar No. NJ029)
AMERICAN ATHEISTS LEGAL CENTER
1201 S. Courthouse Rd. #425
Arlington, VA 22204

BRIAN M. BOYTON
Acting Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

/s/ Rachael L. Westmoreland
RACHAEL WESTMORELAND
Trial Attorney (GA Bar No. 539498)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-1280
rachael.westmoreland@usdoj.gov

---

[1] Ninety days from today is Monday, December 26, 2022, which is a federal holiday. The Parties would thus file their status report on December 27, 2022.