IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECULAR STUDENT ALLIANCE, *et al.*,

    Plaintiffs,

v.

U.S. DEPARTMENT OF EDUCATION, *et al.*,

    Defendants.

CASE NO.: 1:21-cv-00169-ABJ

## JOINT STATUS REPORT

The Parties hereby submit the following status report in accordance with the Court's November 28, 2023 Minute Order:

1. The Secular Student Alliance ("SSA") and Mr. Declan Galli filed this suit on January 19, 2021, challenging a provision of the U.S. Department of Education's ("ED") rulemaking entitled "Direct Grant Programs, State-Administered Formula Grant Programs, Non Discrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, Developing Hispanic-Serving Institutions Program, Strengthening Institutions Program, Strengthening Historically Black Colleges and Universities Program, and Strengthening Historically Black Graduate Institutions Program" ("the Rule"), 85 Fed. Reg. 59,916 (Sept. 23, 2020). ECF No. 1.

2. On January 20, 2021, new leadership assumed responsibility for ED.

3. ED previously informed undersigned counsel for Defendants that it is considering regulatory options related to the Rule that may moot or limit the issues in this litigation. *See* ECF Nos. 21, 22.

4. To preserve judicial resources and maximize the efficient resolution of this case, the

1

Parties jointly requested that the Court stay this case to allow Defendants time to consider regulatory options related to the Rule. The Court granted the Parties' motion to stay on April 21, 2021.

5. On August 19, 2021, ED published a blog post entitled "Update on the Free Inquiry Rule." https://blog.ed.gov/2021/08/update-on-the-free-inquiry-rule/. Therein, ED stated that, "[f]ollowing completion of [its] review" of the aspects of the Rule codified in 34 CFR parts 75 and 76, it "anticipate[s] publishing a notice of proposed rulemaking in the Federal Register to propose rescinding parts of the Free Inquiry Rule." *Id.*

6. In light of ED's stated intent to propose rescission of portions of the Rule, the Parties agreed that a further stay of this case was appropriate for an additional 60 days, and proposed that the Parties file a joint status report in 60 days to update the Court on ED's regulatory activities related to the Rule and the Parties' positions on whether the case should continue to be stayed. *See* ECF No. 24. That same day, the Court continued the stay and ordered another joint status report by October 19, 2021. *See* Minute Order (Aug. 20, 2021).

7. On October 19, 2021 the Parties filed a joint status report updating this Court on the status of ED's regulatory actions. *See* ECF No. 26. ED stated that it intended to publish an entry in the Fall 2021 Unified Agenda announcing ED's intent to publish a Notice of Proposed Rulemaking that will propose rescinding provisions of the Free Inquiry Rule. ED also stated that it was targeting a publication date of Spring 2022 for the Notice of Proposed Rulemaking. In light of ED's anticipated regulatory actions, the Parties agreed that a further stay of this case was appropriate, and they requested that this Court continue the stay of these proceedings. *See* ECF No. 26. The Court did so

and ordered the Parties to submit another joint status report by February 18, 2022. *See* Minute Order (Oct. 20, 2021).

8. On February 18, 2022, the Parties filed a joint status report, updating the Court that ED had published an entry in the Fall 2021 Unified Agenda announcing ED's intent to publish a Notice of Proposed Rulemaking that will propose rescinding provisions of the Free Inquiry Rule and that it continued to make progress towards publication of this Notice of Proposed Rulemaking. *See* ECF No. 27. In light of ED's continued progress, the Parties asked the Court to continue the stay of proceedings, with the Parties filing another joint status report in 120 days. *Id.* The Court granted the request and ordered the Parties to submit a joint status report by June 28, 2022. *See* Minute Order (February 22, 2022).

9. On June 28, 2022, the Parties filed a joint status report, updating the Court that ED had continued to work on a Notice of Proposed Rulemaking, including addressing comments received from the Office of Information and Regulatory Affairs ("OIRA") and other agencies. The Parties also noted that ED is balancing drafting the Notice of Proposed Rulemaking with a number of other regulatory packages. In light of the Parties' report, the Court ordered that the case remained stayed and that the parties were to submit another joint status report by September 27, 2022. *See* Minute Order (June 29, 2022).

10. On September 27, 2022, the Parties proposed that the case remain stayed and another status report be filed in 90 days. The Court granted the request and ordered the Parties to file a joint status report by December 27, 2022. *See* Minute Order (September 28, 2022).

11. On December 19, 2022, OIRA concluded its original regulatory review of the Notice of Proposed Rulemaking.

12. On December 27, 2022, the Parties proposed that they file another joint status report in 21 days to update the Court on publication of the Notice of Proposed Rulemaking and the Parties' positions on whether the case should continue to be stayed. *See* ECF No. 31. On December 29, 2022, the Court entered a minute order requiring the Parties to submit a further joint status report on January 20, 2023.

13. On January 20, 2023, the Parties filed a joint status report informing the Court that ED made additional changes to the Notice of Proposed Rulemaking that necessitated further OIRA review, and that ED anticipated that OIRA's review would be complete within 30 days. *See* ECF No. 32. The Parties proposed that they file a joint status report in 30 days to update the Court on publication of the Notice of Proposed Rulemaking and the Parties' positions on whether the case should continue to be stayed. *Id.* On January 23, 2023, the Court entered a minute order requiring the Parties to submit a further status report on February 23, 2023.

14. On February 23, 2023, the Parties filed a joint status report notifying the Court that, on February 22, 2023, ED published a Notice of Proposed Rulemaking in the Federal Register entitled "Direct Grant Programs, State-Administered Formula Grant Programs," proposing to rescind the regulation challenged by Plaintiffs in this case. 88 Fed. Reg. 10,857. In that Notice of Proposed Rulemaking, ED asked for all comments by March 24, 2023. *Id.* The Parties proposed filing a joint status report in 90 days to update the Court on the rulemaking process and the Parties' positions on whether the case should continue to be stayed. *See* ECF No. 33. The Court did so and ordered the

Parties to submit another joint status report by May 24, 2023. *See* Minute Order (Mar. 9, 2023).

15. On May 24, 2023, the Parties filed a joint status report, notifying the Court that the comment period on ED's Notice of Proposed Rulemaking closed and ED received over 58,000 comments in response to the Notice of Proposed Rulemaking, and that ED was working through its review of the substantial volume of public comments. The Parties requested that this Court continue the stay of these proceedings. *See* ECF No. 36. The Court did so and ordered the Parties to submit another joint status report by August 24, 2023. *See* Minute Order (May 25, 2023).

16. On August 24, 2023, the Parties filed a joint status report, notifying the Court that ED published an entry in the Spring 2023 Unified Agenda reflecting a projected date of December 2023 for the publication of the final rule. They further informed the Court that ED continued its review and consideration of the public comments received. The Parties requested that this Court continue the stay of these proceedings. *See* ECF No. 38. The Court did so and ordered the Parties to submit another joint status report by November 22, 2023. *See* Minute Order (August 24, 2023).

17. On November 22, 2023, the Parties filed a joint status report, notifying the Court that ED had continued its review and consideration of the significant number of public comments received on the Notice of Proposed Rulemaking. The Parties requested that this Court continue the stay of these proceedings. *See* ECF No. 39. The Court did so and ordered the Parties to submit a joint status report by February 21, 2024. *See* Minute Order (Nov. 28, 2023).

**Defendants' Position:**

18. Since the last status report, ED has continued working towards issuance of a final rule, including review and consideration of the more than 58,000 comments submitted on the Notice of Proposed Rulemaking. Accordingly, ED asks that the Court continue to stay these proceedings to preserve judicial economy and allow ED to complete its rulemaking process.

19. If, however, the Court is inclined to lift the stay, ED requests that the Court first provide the Parties an opportunity to confer on a schedule for future proceedings.

**Plaintiffs' Position:**

20. Plaintiffs oppose any continued stay. Plaintiffs commenced this litigation on January 19, 2021, and it has been stayed, pending a final rule from the Department of Education, for nearly three years. *See* Minute Order (Mar. 4, 2021).

21. Plaintiffs have cooperated with the Department in the years that this case has been stayed, knowing that the rulemaking process takes time. They agreed to repeated stays so that the Department had time to propose a rule, as well as to review and respond to the comments it received. The comment period in response to the Notice of Proposed Rulemaking entitled "Direct Grant Programs, State-Administered Formula Grant Programs," closed nearly a year ago, on March 24, 2023. *See* ECF No. 36. So the Department has had almost a year to review the responses from the public, many of which were form comments that do not require individual responses (and none of which alter the fact that the existing Rule is ultra vires and unconstitutional). The Department has yet to publish a final rule.

22. Plaintiffs have given the Department ample time but have nothing to show for it. And because it is an election year, there is a possibility that there will be a new

administration in the next year, with new priorities for the Department. As a result, it is in Plaintiffs' best interest to receive a judgment from this Court invalidating the challenged rule, rather than potentially face a new administration and further delay of this litigation.

Dated: February 21, 2024                    Respectfully submitted,

| | |
|---|---|
| /s/ Alison M. Gill | BRIAN M. BOYNTON |
| Bradley Girard (D.C. Bar No. 1033743) | Principal Deputy Assistant Attorney General |
| AMERICANS UNITED FOR SEPARATION OF | |
| | CARLOTTA P. WELLS |
| CHURCH AND STATE | Assistant Branch Director |
| 1310 L Street NW, Suite 200 | |
| Washington, DC 20005 |  /s/ Rachael L. Westmoreland |
| (202) 466-3234 | RACHAEL L. WESTMORELAND |
| girard@au.org | Trial Attorney (GA Bar No. 539498) |
| | U.S. Department of Justice |
| Alison M. Gill (D.C. Bar No. 499620) | Civil Division, Federal Programs Branch |
| AMERICAN ATHEISTS LEGAL CENTER | 1100 L Street, NW |
| 1100 15th Street NW | Washington, D.C. 20005 |
| Fourth Floor | Tel: (202) 514-1280 |
| Washington, DC 20005 | rachael.westmoreland@usdoj.gov |
| | |
| Geoffrey T. Blackwell (D.D.C. Bar No. NJ029) | |
| AMERICAN ATHEISTS LEGAL CENTER | |
| 1517 N. Stillman St., Unit 2 | |
| Philadelphia, PA 19121 | |